# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | : |
| | : |
| IN THE MATTER OF | :  CIVIL ACTION NO. 24-255 |
| $306,741.00 IN U.S. CURRENCY | : |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW INTO COURT COMES Plaintiff, United States of America, by and through undersigned counsel, who alleges the following:

## NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit to the United States $306,741.00 in U.S. Currency (the "defendant property") representing moneys furnished or intended to be furnished by any person in exchange for a controlled substance, or are proceeds traceable to such an exchange, or are moneys used or intended to be used to facilitate a drug offense, as part of an attempt or conspiracy to commit a violation of the Controlled Substances Act, 21 U.S.C. § 841 *et seq*. Therefore, pursuant to 21 U.S.C. § 881(a)(6), the defendant property is subject to forfeiture to the United States of America.

2. The defendant property was seized on October 5, 2023, on Interstate 10 westbound near Defrain Blvd. in Riverside County, California, and is in the custody of the United States Marshals Service.

## JURISDICTION AND VENUE

3. The United States brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a) and 21 U.S.C. § 881(a)(6).

4. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the United States will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(b) & (c).

5. Venue is proper in this district, pursuant to 28 U.S.C. § 1355(b)(1), because acts or omissions giving rise to the forfeiture occurred in this district, pursuant to 28 U.S.C. § 1395.

## THE DEFENDANT IN REM

6. The defendant property consists of the following:

$306,741.00 in U.S. currency seized on October 5, 2023, on Interstate 10 westbound near Defrain Blvd. in Riverside County, California (the "defendant property").

## FACTS

7. On or about October 4, 2023, the Drug Enforcement Administration ("DEA") received information that a semi-trailer truck, bearing California license plate ending in 2136, likely contained narcotics and/or cash proceeds from drug trafficking activity.

8. On October 5, 2023, while on Interstate 10 westbound near Defrain Blvd. in Riverside County, California, a Riverside County Sheriff's Office ("RCSO") deputy observed a semi-trailer truck, bearing California license plate ending in 2136, engage in a traffic violation. Based on the RCSO deputy's training and experience, he believed that the semi-truck was traveling in an unsafe manner. Consequently, the officer initiated a traffic stop of the truck, which came to a stop on the shoulder of Interstate 10 westbound near the Defrain Blvd. exit.

9. After stopping, the deputy approached the truck and learned that the identity of the driver and sole occupant of the truck was Zheng Lu with an address in San Gabriel, California. The semi-truck was registered to Star Light Logistics in Diamond Bar, California. When the

RCSO deputy asked Lu for consent to search the semi-truck, Lu gave consent.

10. When officers conducted a search of the semi-truck, they observed numerous pallets containing what appeared to be boxes of various pieces of furniture. They also located three vacuum-sealed bags located under the bed of the truck. Inside these three vacuum-sealed bags was a large amount of U.S. currency, later determined to amount to $306,741.00. This currency was seized and was later placed in the custody of the United States Marshals Service.

11. When the deputy asked Lu about this large amount of currency, Lu replied that he had no knowledge of it.

12. The officer placed the three bags of currency on the shoulder of the interstate, away from the semi-trailer. The deputy deployed his narcotics detection K-9, Doc, to the exterior of the semi-truck and trailer. While searching the passenger side of the trailer near the truck, the K-9 Doc displayed a change of behavior, suddenly snapping his head towards the U.S. currency on the shoulder, coming to a sitting position in front of the currency, and indicating a positive alert to a narcotics odor on the currency.

13. After the positive alert by the K-9, the deputy again asked Lu about the currency and Lu again denied any knowledge of the currency.

14. Lu was released from the scene with the semi-truck and trailer.

15. On or about July 11, 2023, officers in Birmingham, Alabama, seized $383,232 in cash from a semi-truck registered to Star Light Logistics in Diamond Bar, California. The semi-truck in which the defendant property was found and seized on October 5 was also registered to Star Light Logistics in Diamond Bar, California. The drivers of both semi-trucks are alleged to work for the same organization.

16. On or about September 12, 2023, pursuant to federal search warrants, approximately $35,000 in cash and nearly 900 lbs. of marijuana were found in a residence and a storage unit, both located in Baton Rouge, Louisiana. Also, on September 12, officers seized approximately 32 lbs. of marijuana from a vehicle in Gonzales, Louisiana. The driver of the vehicle stopped in Gonzales and the driver of the semi-truck in this matter are alleged to have worked for the same organization. Furthermore, the residence and storage unit in Baton Rouge are alleged to be affiliated with this same organization.

17. The defendant property is consistent with the proceeds of narcotics trafficking because of numerous factors, including the positive K-9 alert; the large amount of seized cash; the cash being packaged in three vacuum-sealed bags; the driver having no knowledge of the cash being in the truck; the truck's driver having been previously charged with transporting drug proceeds; the truck having been registered to the same company, Star Light Logistics, as a truck containing $383,000 in cash seized in Birmingham three months earlier; the truck's driver having worked for the same organization as the driver of the vehicle stopped in Gonzales, who was arrested two months earlier and where a large amount of cash and several hundred pounds of marijuana were seized.

## **LAW**

18. 21 U.S.C. § 881(a)(6) provides that the following shall be subject to forfeiture to the United States:

> "All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

**BASIS FOR FORFEITURE**

19. The defendant property is subject to forfeiture, pursuant to 21 U.S.C. § 881(a)(6), because it represents moneys furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, or moneys used or intended to be used to facilitate a drug offense, as part of an attempt or conspiracy to commit a violation of the Controlled Substances Act in violation of the Controlled Substances Act, 21 U.S.C. § 841 *et seq*.

**CLAIM FOR RELIEF**

20. Based on the facts set forth and incorporated herein, the defendant property should be properly condemned and forfeited to the United States of America pursuant to 18 U.S.C. § 881(a)(6).

WHEREFORE, the plaintiff requests that the Court issue a warrant and summons for the arrest and seizure of the defendant property; that notice of this action be given to all persons known or thought to have an interest in or right against the defendant property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court award the plaintiff such other and further relief as this Court deems proper and just.

UNITED STATES OF AMERICA, by

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY

/s/ J. Brady Casey
J. Brady Casey, LBN: 24338
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: john.casey@usdoj.gov